THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE L. MEDINA-LARA,

        Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

        Respondent.

CASE NO. C11-2130 RAJ

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO EXCUSE EXHAUSTION REQUIREMENT

This matter comes before the court on the Report and Recommendation of Magistrate Judge Donohue (Dkt. # 21) and petitioner's motion to excuse the exhaustion requirement (Dkt. #23). On March 21, 2012, Judge Donohue found that petitioner failed to exhaust his administrative remedies because he did not appeal the February 8, 2012 bond hearing determination to the BIA. Dkt. # 21 at 4. Judge Donohue also found that petitioner's petition was moot because he received a bond hearing on February 8, 2012, at which the immigration judge determined that the government had established by clear and convincing evidence that petitioner's continued detention was justified. *Id.* Petitioner objects to these findings and argues that (1) at the time of filing his petition (December 20, 2011), the February 8, 2012 bond hearing had not yet occurred, and (2)

the court should exercise jurisdiction to review bond hearing for constitutional and legal error. Dkt. # 22 at 1-2. Petitioner argues that the Administrative Record ("AR") that respondent provided petitioner was incomplete and fails to include a record of the bond hearing that occurred on March 25, 2011 (from which petitioner did appeal). *Id.* at 2. However, petitioner received a second bond hearing on February 8, 2012. The fact the petition arose out of a prior decision does not excuse exhaustion with respect to the February 8, 2012 decision. Additionally, petitioner has not demonstrated grounds for excusing the exhaustion requirement of the February 8, 2012 decision. Although petitioner has been detained for approximately 30 months, the court finds that, on balance, he should follow the administrative process with respect to the February 8, 2012 decision. *See Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987) (factors that should be considered to determine whether imposition of the exhaustion requirement would be appropriate include whether resort to the administrative process would be futile, whether the administrative process is well understood and well developed, whether a prompt decision as to all of the contested issues in the case is likely, whether an exhaustion requirement would be fair to the parties in light of their resources, whether it would be fair to other parties in the case whose interests might be affected, whether the interests of judicial economy would be served by requiring exhaustion, and whether the agency demonstrates that not requiring exhaustion would unduly interfere with its functioning).

     For all the foregoing reasons, the court ADOPTS the March 21, 2012 Report and Recommendation (Dkt. # 21), and DENIES petitioner's motion to excuse exhaustion (Dkt. # 23). Petitioner's petition for writ of habeas corpus (Dkt. # 1) and motion for injunctive relief (Dkt. # 9) are DENIED. Respondent's motion to dismiss (Dkt. # 12) is GRANTED, and this matter is DISMISSED without prejudice. The Clerk shall send a copy of this Order to the parties and Judge Donohue.

1     Dated this 2nd day of May, 2012.

                                                */s/ Richard A. Jones*

                                                The Honorable Richard A. Jones
                                                United States District Judge